**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOHN POLITZ AND HELEN POLITZ**                                    **PLAINTIFFS**

**V.**                                             **CIVIL ACTION NO. 1:08cv18-LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY, U.S. SMALL BUSINESS
ADMINISTRATION, AND
JOHN DOES 1 THROUGH 10**                                **DEFENDANTS**

**FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
TO U.S. SMALL BUSINESS ADMINISTRATION**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Nationwide Mutual Fire

Insurance Company propounds its First Set of Interrogatories to U.S. Small Business

Administration ("SBA"). These Interrogatories are to be answered separately, fully, and under

oath in accordance with the Federal Rules of Civil Procedure. These Interrogatories should be

deemed continuing and require supplementation within a reasonable time if additional

information or documents falling within the scope of these discovery requests is obtained by

Plaintiffs or their counsel.

**DEFINITIONS**

The following terms and definitions apply to these Requests for Production of

Documents:

(a)      "Plaintiff(s)" refers to John Politz and/or Helen Poltiz, and each of their present

and former affiliates, agents, assigns, directors, representatives, employees, predecessors,

successors and attorneys, and each person acting or purporting to act on their behalf.

1

2660581.1/09446.30001

EXHIBIT 1

(b)    "Nationwide" refers to Nationwide Mutual Fire Insurance Company, Nationwide Mutual Insurance Company, Nationwide Property and Casualty Insurance Company and each of their present and former affiliates, agents, assigns, directors, representatives, employees, predecessors, successors and attorneys, and each person acting or purporting to act on their behalf.

(c)    "SBA" refers to the United States Small Business Administration and each of its present and former affiliates, agents, assigns, directors, representatives, employees, predecessors, successors and attorneys, and each person acting or purporting to act on their behalf.

(d)    "Residence" refers to Plaintiffs' property and any dwelling or other structure located at 116 Winters Lane, Long Beach, MS 39560.

(e)    "Contents" refers to all personal property that Plaintiffs contend was owned by them and/or located at 116 Winters Lane, Long Beach, MS on or about August 29, 2005.

(f)    "Flood insurance" refers to any form of insurance policy or coverage that may be issued by any insuring entity under the National Flood Insurance Program.

(g)    "Valuation" refers to any formal or informal estimation of the value of property, including without limitation any appraisal or cost-of-reconstruction estimate, and including without limitation any such estimation prepared for, at the request of, any bank, lender, mortgage company, government agency, or other third-party.

(h)    "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, and other understandings between or among two or more persons.

(i)    "Document" means the original (or a copy if the original is not available) and each non-identical copy (which is non-identical because of alterations, attachments, blanks, comments, notes, underlining, or otherwise) of any tangible writing or record, however described, which may include without limitation any account, agreement, amendment, article, authorization, bank statement, book, chart, check, contract, correspondence, diary, drawing, film, tape, graph, invoice, journal, letter, memoranda, minutes, note, work papers, studies, notebook, photocopy, photograph, projection, publication, recording, report, schedule, sketch, tape, telegram, transcript, voucher, videotape or otherwise and all retrievable data (whether encarded, tape, or encoded electrostatically, electromagnetically or otherwise) in your possession, custody or control, or known to you, wherever located, however produced or reproduced, whether draft or final version.

(j)    "Identification" or "identify" when used in reference to:

(i) a natural individual, requires you to state his or her full name, address and telephone number;

(ii) a corporation, requires you to state its full corporate name, any names under which it does business and its state of incorporation;

(iii) a partnership, requires you to state its full name, any name under which it does business, the state of any certificate of partnership (or other similar document) filing, and the address of its principal place of business;

(iv) a document, requires you to state the document litigation number or Bates number, if applicable, otherwise the number of pages and the nature of the document (e.g., letter, memorandum, etc.), its title, its date, the name or names of its authors and recipients, and its present location or custodian;

(v) a communication, requires you, if any part of the communication was written, to identify the document or documents which refer to, relate to, or evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in or witnessing the communication, and to state the date and substance of the communication.

(k)    "Relate(s) to" means information or documents that, in whole or in part, constitute, contain, embody, evidence, reflect, concern, describe, discuss, involve, identify, support, refute, refer to, are relevant to, or in any way pertain to.

## INTERROGATORIES

**Interrogatory No. 1:**    Identify all persons you believe may have knowledge of any discoverable matter falling within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure that is relevant to the issues raised by the claims or defenses asserted in this action.

**Interrogatory No. 2:**    Identify all documents and/or tangible items you believe may be or contain discoverable matter within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure that is relevant to the issues raised by the claims or defenses asserted in this action.

**Interrogatory No. 3:**    Identify any written or recorded statements of which you are aware, including but not limited to declarations, witness statements, affidavits, depositions, or interviews that refer to, relate to or have as any part of their subject matter any event relevant to the issues raised by the claims or defenses asserted in this action, and as to each such statement, identify the person making the statement, the person taking the statement, the contents of the statement, all persons in possession of a copy of the statement, and the date on which the statement was made.

**Interrogatory No. 4:**    Identify each person whom you will or may call as a witness at the trial or any other hearing in this action, and provide a brief summary of the topics on which the witness is expected to testify.

**Interrogatory No. 5:**    Identify all documents or other tangible things you intend to introduce into evidence at the trial or any other hearing in this action.

**Interrogatory No. 6:**    Identify any written or oral admissions which you contend any party, or anyone acting on a party's behalf, has made relevant to the issues raised by the claims or defenses asserted in this action, and as to each such admission, identify the person making the admission, the contents of the admission, the person to whom the admission was made, the date on which the admission was made, and any person in possession of a copy of the admission if it is contained within a written document.

**Interrogatory No. 7:**    Identify any loan and/or benefits Plaintiffs applied for and/or received from SBA relating to any damage they allege to have suffered as a result of Hurricane Katrina.

**Interrogatory No. 8:**    Identify any loan and/or benefits Plaintiffs applied for and/or received from SBA relating to any damage they allege to have suffered as a result of any hurricane other than Hurricane Katrina.

**Interrogatory No. 9:**    Identify any communications SBA had with Plaintiffs related to damage caused by Hurricane Katrina, and any loan or benefits they applied for and/or received as a result of such damage.

**Interrogatory No. 10:**    Identify any communications SBA had with Plaintiffs related to damage caused by any hurricane other than Hurricane Katrina, and any benefits or loan they applied for and/or received relating to such damage.

**Interrogatory No. 11:**    Identify each valuation of Plaintiffs' residence or the contents thereof of which you are aware, and, for each such valuation, state with particularity the date the

valuation was performed, who performed the valuation, the results of the valuation, and the circumstances under which the valuation was performed.

**Interrogatory No. 12:**    Identify all insurance policies SBA required Plaintiffs to obtain as a result of any loan SBA may have made to Plaintiffs, including the identity of the insurer, policy number, and effective date of the policy.

**Interrogatory No. 13:**    Identify any payments Plaintiffs have made to SBA as a result of any loan they obtained related to alleged damage suffered as a result of Hurricane Katrina.

This, the 3rd day of September, 2008.

Respectfully submitted,

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

By Its Attorneys
WATKINS LUDLAM WINTER & STENNIS, P.A.

By:    */s/ Laura Limerick Gibbes*
      LAURA LIMERICK GIBBES
      lgibbes@watkinsludlam.com

H. Mitchell Cowan (MSB No.7734)
Laura Limerick Gibbes (MSB No. 8905)
F. Hall Bailey (MSB No. 1688)
Janet D. McMurtray (MSB No. 2774)
Christopher R. Shaw (MSB No. 100393)
Laura L. Hill (MSB No. 102247)
WATKINS LUDLAM WINTER & STENNIS, P.A.
633 North State Street (39202)
Post Office Box 427
Jackson, Mississippi  39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing using the Court's

ECF system, which sent notification of such filing to the following attorneys of record:

> Kristopher W. Carter, Esq.
> Earl Denham, Esq.
> Denham Law Firm
> 424 Washington Avenue
> Post Office Drawer 580
> Ocean Springs, MS  39566-0580
>
> Crockett Lindsey
> U.S. Attorney's Office
> 1575 20th Ave.
> Gulfport , MS 39501

THIS, the 3rd day of September, 2008.

> /s/ Laura Limerick Gibbes
> LAURA LIMERICK GIBBES
> lgibbes@watkinsludlam.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JOHN POLITZ AND HELEN POLITZ**                                        **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 1:08cv18-LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE**
**COMPANY, U.S. SMALL BUSINESS**
**ADMINISTRATION, AND**
**JOHN DOES 1 THROUGH 10**                                        **DEFENDANTS**

**FIRST SET OF REQUESTS FOR PRODUCTION**
**OF DOCUMENTS PROPOUNDED BY DEFENDANT**
**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**
**TO U.S. SMALL BUSINESS ADMINISTRATION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Nationwide Mutual Fire

Insurance Company ("Nationwide") propounds its First Set of Requests for Production of

Documents to Defendant U.S. Small Business Administration ("SBA"). These Requests for

Production of Documents are to be answered separately, fully, and under oath in accordance with

the Federal Rules of Civil Procedure. These Requests for Production of Documents should be

deemed continuing and require supplementation within a reasonable time if additional

information or documents falling within the scope of these discovery requests is obtained by

Plaintiffs or their counsel.

**DEFINITIONS**

The following terms and definitions apply to these Requests for Production of

Documents:

(a)      "Plaintiff(s)" refers to John Politz and/or Helen Poltiz, and each of their present

and former affiliates, agents, assigns, directors, representatives, employees, predecessors,

successors and attorneys, and each person acting or purporting to act on their behalf.

2659865.1/09446 30001

(b)    "Nationwide" refers to Nationwide Mutual Fire Insurance Company, Nationwide Mutual Insurance Company, Nationwide Property and Casualty Insurance Company and each of their present and former affiliates, agents, assigns, directors, representatives, employees, predecessors, successors and attorneys, and each person acting or purporting to act on their behalf.

(c)    "SBA" refers to the United States Small Business Administration and each of its present and former affiliates, agents, assigns, directors, representatives, employees, predecessors, successors and attorneys, and each person acting or purporting to act on their behalf.

(d)    "Residence" refers to Plaintiffs' property and any dwelling or other structure located at 116 Winters Lane, Long Beach, MS 39560.

(e)    "Contents" refers to all personal property that Plaintiffs contend was owned by them and/or located at 116 Winters Lane, Long Beach, MS on or about August 29, 2005.

(f)    "Flood insurance" refers to any form of insurance policy or coverage that may be issued by any insuring entity under the National Flood Insurance Program.

(g)    "Valuation" refers to any formal or informal estimation of the value of property, including without limitation any appraisal or cost-of-reconstruction estimate, and including without limitation any such estimation prepared for, at the request of, any bank, lender, mortgage company, government agency, or other third-party.

(h)    "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, and other understandings between or among two or more persons.

(i)    "Document" means the original (or a copy if the original is not available) and each non-identical copy (which is non-identical because of alterations, attachments, blanks, comments, notes, underlining, or otherwise) of any tangible writing or record, however described, which may include without limitation any account, agreement, amendment, article, authorization, bank statement, book, chart, check, contract, correspondence, diary, drawing, film, tape, graph, invoice, journal, letter, memoranda, minutes, note, work papers, studies, notebook, photocopy, photograph, projection, publication, recording, report, schedule, sketch, tape, telegram, transcript, voucher, videotape or otherwise and all retrievable data (whether encarded, tape, or encoded electrostatically, electromagnetically or otherwise) in your possession, custody or control, or known to you, wherever located, however produced or reproduced, whether draft or final version.

(j)    "Identification" or "identify" when used in reference to:

(i) a natural individual, requires you to state his or her full name, address and telephone number;

(ii) a corporation, requires you to state its full corporate name, any names under which it does business and its state of incorporation;

(iii) a partnership, requires you to state its full name, any name under which it does business, the state of any certificate of partnership (or other similar document) filing, and the address of its principal place of business;

(iv) a document, requires you to state the document litigation number or Bates number, if applicable, otherwise the number of pages and the nature of the document (e.g., letter, memorandum, etc.), its title, its date, the name or names of its authors and recipients, and its present location or custodian;

(v) a communication, requires you, if any part of the communication was written, to identify the document or documents which refer to, relate to, or evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in or witnessing the communication, and to state the date and substance of the communication.

(k)     "Relate(s) to" means information or documents that, in whole or in part, constitute, contain, embody, evidence, reflect, concern, describe, discuss, involve, identify, support, refute, refer to, are relevant to, or in any way pertain to.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1:**   Produce all documents referenced in, identified by, or relied upon in preparing your answer to the Complaint, initial disclosures and/or your responses to the Interrogatories propounded by Nationwide.

**Request for Production No. 2:**   Produce all documents that relate to any claim(s) for benefits made by Plaintiffs as a result of Hurricane Katrina.

**Request for Production No. 3:**   Produce all documents that relate to any claim(s) for benefits made by Plaintiffs as a result of any hurricane prior to Hurricane Katrina.

**Request for Production No. 4:**   Produce all documents related to any loan applied for and/or obtained by Plaintiffs as a result of any damage caused by Hurricane Katrina, including but not limited to the application documents, loan file and payment history.

**Request for Production No. 5:**   Produce all documents related to any loan applied for and/or obtained by Plaintiffs as a result of damage cause by any hurricane prior to Hurricane Katrina, including but not limited to the application documents, loan file and payment history.

**Request for Production No. 6:**   Produce all documents related to any homeowners, wind and/or flood insurance Plaintiffs have been required to obtain as a result of any loan or benefits provided to them by SBA.

**Request for Production No. 7:**   Produce all documents related to all valuations of plaintiffs' Residence or the contents thereof related to any loan or benefits they have received from SBA.

**Request for Production No. 8:**   Produce all documents related to any hurricane damage to Plaintiffs' residence, including, but not limited to, wind and/or water damage.

**Request for Production No. 9:**   Produce all documents related to any communication with Plaintiffs related to hurricane damage to their residence.

**Request for Production No. 10:**   Produce any photographs or other visual depictions of Plaintiffs' residence taken prior to August 29, 2005.

**Request for Production No. 11:**   Produce any photographs or other visual depictions of Plaintiffs' residence taken on or after August 29, 2005.

**Request for Production No. 12:**   Produce any inventory, statement of loss, proof of loss, or other list of damages Plaintiffs to have suffered as a result of Hurricane Katrina.

**Request for Production No. 13:**   Produce all documents which you intend to introduce into evidence at the trial or any other hearing in this action.

**Request for Production No. 14:**   Produce all documents which may be used for demonstrative purposes at trial or any other hearing in this action.

**Request for Production No. 15:** Produce all documents containing any admission you contend any party, or anyone acting on a party's behalf, has made relevant to the issues raised by the claims or defenses asserted in this action.

This, the 3rd day of September, 2008.

        Respectfully submitted,

        NATIONWIDE MUTUAL FIRE INSURANCE
        COMPANY

        By Its Attorneys
        WATKINS LUDLAM WINTER & STENNIS, P.A.

By:  */s/ Laura Limerick Gibbes*
        LAURA LIMERICK GIBBES
        lgibbes@watkinsludlam.com

H. Mitchell Cowan (MSB No.7734)
Laura Limerick Gibbes (MSB No. 8905)
F. Hall Bailey (MSB No. 1688)
Janet D. McMurtray (MSB No. 2774)
Christopher R. Shaw (MSB No. 100393)
Laura L. Hill (MSB No. 102247)
WATKINS LUDLAM WINTER & STENNIS, P.A.
633 North State Street (39202)
Post Office Box 427
Jackson, Mississippi 39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804

## CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the foregoing via United

States Mail, postage pre-paid, to the following:

        Kristopher W. Carter, Esq.
        Earl Denham, Esq.
        Denham Law Firm
        424 Washington Avenue
        Post Office Drawer 580
        Ocean Springs, MS  39566-0580

        Crockett Lindsey
        U.S. Attorney's Office
        1575 20th Ave.
        Gulfport , MS 39501

THIS, the 3rd day of September, 2008.

        /s/ Laura Limerick Gibbes
        LAURA LIMERICK GIBBES
        lgibbes@watkinsludlam.com

2659865.1/09446. 30001