IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN POLITZ and HELEN POLITZ** **Plaintiffs**

v.   Civil Action No.: 1:08cv18-LTS-RHW

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY, U.S. SMALL**   **Defendant**
**BUSINESS ADMINISTRATION, and**
**JOHN DOES 1 THROUGH 10**

**NATIONWIDE'S *DAUBERT* MOTION TO STRIKE**
**THE EXPERT REPORT AND TESTIMONY OF TED L. BIDDY**

Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"), files this Motion to Strike the Expert Report and Testimony of Ted L. Biddy. In support of its Motion, Nationwide states as follows:

1. Plaintiffs in this matter have proffered Ted L. Biddy as an expert witness. Over the course of discovery in this matter, Mr. Biddy has provided opinions and deposition testimony in two primary areas: (1) the cause of the damage to Plaintiffs' property (i.e., wind versus water), and (2) the costs to rebuild Plaintiff's house.

2. Federal Rule of Evidence 702 contains two basic, threshold requirements: First, the expert testimony must be relevant, which requires a showing that the proffered testimony will "assist the trier of fact" in determining the issue for which it is offered. Second, it must be reliable, which encompasses requirements that an expert witness (1) base his opinions on sufficient facts or data; (2) utilize reliable principles and methods in forming opinions; and (3) reliably apply the principles and methods to the facts of the case. Plaintiffs bear the burden of demonstrating all of these factors as a prerequisite to admissibility.

3. Mr. Biddy's opinion fails the threshold requirement of Rule 702 that Mr. Biddy's proffered testimony "assist the trier of fact" to determine the issue of causation. Fed. R. Evid.

702. Mr. Biddy admits that his engineering expertise — the only grounds upon which he is qualified to issue an expert opinion — is incapable of distinguishing between wind and flood damage to Plaintiffs' home. As he further admits, his opinion of sole wind causation is completely dependent on meteorological determinations that he is unqualified to render.

4. Further, under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 597 (1993) ("*Daubert*") and its progeny, Mr. Biddy's testimony and opinions regarding causation and reconstruction costs are neither scientifically valid, nor methodologically sound, and should be excluded on that ground as well.

5. Mr. Biddy's methodology and the principles he bases them on fail when tested against the undisputed facts about the post-Katrina condition of the Politz property and the surrounding area. Moreover, the same methodology used on the Politz property led Mr. Biddy to conclude that another dwelling—which was still standing after Hurricane Katrina—had been completely destroyed by the hurricane's winds. His causation testimony is therefore insufficiently reliable to be placed before a jury, and should be excluded.

6. Mr. Biddy's reconstruction cost opinions—based on his homespun "methodology" of relying on R.S. Means data for one portion of his estimate, information from a single contractor for another, and pure speculation for a third—does not possess the necessary indicia of intellectual and scientific rigor required under *Daubert* to be proper expert testimony at trial. Because Plaintiff is unable to show that Mr. Biddy's opinion on reconstruction cost is well-founded and reliable, this Court should exclude his estimate and any evidence related thereto, just as it has done in other factually indistinguishable cases. *See, e.g.*, Nov. 24, 2008 Mem. Op. & Order, *Sanders v. Nationwide Mut. Fire Ins. Co.*, No. 1:07CV988-LTS-RHW at 3 (S.D. Miss.) (Dkt. 141); *Ross v. Metropolitan Prop. & Cas. Ins. Co.*, No. 1:07CV521-LTS-RHW, 2008 WL

4793807, at *2 (S.D. Miss. Nov. 3, 2008); *Dickinson v. Nationwide Mut. Ins. Co.*, No. 1:06CV198-LTS-RHW, 2008 WL 2568139, at *2 (S.D. Miss. June 24, 2008).

7. Even if it were reliable, Mr. Biddy's reconstruction cost estimate must necessarily be excluded because "the property at issue ha[s] not been repaired/replaced." Oct. 8, 2008 Order, *Schmermund v. Nationwide Mut. Ins. Co.*, No. 1:07CV1213-LTS-RHW (S.D. Miss.) (Dkt. 159).

8. In support of its Motion, Nationwide attaches the following exhibits:

| | |
|---|---|
| Exhibit 1 | Nov. 7, 2008 Deposition of Ted Biddy |
| Exhibit 2 | July 14, 2008 Ted Biddy Forensic Eng'g Study of Damages Report for Politz |
| Exhibit 3 | Sept. 10, 2008 KKAI Meteorological Analysis of Hurricane Katrina Wind & Storm Tide Report |
| Exhibit 4 | Nov. 13, 2008 Deposition of Helen Politz |
| Exhibit 5 | Feb. 17, 2006 Cain & Associates Summary Eng'g Report, *Schmermund v. Nationwide Mut. Ins. Co.*, No. 1:07CV1213-LTS-RHW (S.D. Miss.) |
| Exhibit 6 | Aug. 22, 2008 Deposition of Ted L. Biddy, *Schmermund v. Nationwide Mut. Ins. Co.*, No. 1:07CV1213-LTS-RHW (S.D. Miss.) and *Wilson v. Nationwide Mut. Ins. Co.*, No. 1:07CV1230-LTS-RHW (S.D. Miss.) |
| Exhibit 7 | Dec. 14, 2005 Ted L. Biddy Forensic Eng'g Study of Damages Report, *Letoha v. Nationwide Mut. Fire Ins. Co.,* No. 1:06CV1009-LTS-RHW (S.D. Miss.) |
| Exhibit 8 | Aug. 14, 2007 Ted L. Biddy Forensic Eng'g Study of Damages Report, *Munro v. Nationwide Mut. Fire Ins. Co.,* No. 1:07CV469-LTS-RHW (S.D. Miss.) |
| Exhibit 9 | May 26, 2008 Ted Biddy Forensic Eng'g Study of Damages Report, *Lawler v. Nationwide Mut. Ins. Co.*, No. 1:07CV1228-LTS-RHW (S.D. Miss.) |
| Exhibit 10 | Apr. 18, 2006 Ted L. Biddy Forensic Eng'g Study of Damages Report, *Dickinson v. Nationwide Mut. Fire Ins. Co.,* No. 1:06CV198-LTS-RHW (S.D. Miss.) |
| Exhibit 11 | Feb. 18, 2006 Ted L. Biddy Forensic Eng'g Study of Damages to 214 Bay Point Place, *Breland v. Nationwide Mut. Fire Ins. Co.,* No. 1:06CV307-LTS-RHW (S.D. Miss.) |
| Exhibit 12 | Apr. 23, 2008 Ted L. Biddy Forensic Eng'g Study of Damages Report, *Schmermund v. Nationwide Mut. Ins. Co.*, No. 1:07CV1213-LTS-RHW (S.D. Miss.) |

| | |
|---|---|
| Exhibit 13 | Aug. 20, 2008 Deposition of Ted Biddy, *Lawler v. Nationwide Mut. Ins. Co.*, No. 1:07CV1228-LTS-RHW (S.D. Miss.) |
| Exhibit 14 | Dec. 11, 2007 Deposition of Ted Biddy, , *Dickinson v. Nationwide Mut. Fire Ins. Co.,* No. 1:06CV198-LTS-RHW (S.D. Miss.) |
| Exhibit 15 | March 9, 2006 Letter from K. Taylor to E. Lee |
| Exhibit 16 | Dec. 11, 2007 Letter from C. Hamilton to T. Biddy |
| Exhibit 17 | Aug. 29, 2007 Transcript of Daubert Hearing, *St. Charles Condominium Homeowner's Ass'n, Inc. v. Landmark Am. Ins. Co.*, Civil Action No. 1:06CV632-HSO-RHW (S.D. Miss.) |

9. For these reasons and for the reasons discussed in more detail in Nationwide's supporting Memorandum of Authorities, which is being filed simultaneously herewith, Nationwide respectfully requests that the Court enter an Order precluding Ted L. Biddy from offering any testimony or other evidence at the trial of this matter regarding causation and estimates of the cost to repair or reconstruct Plaintiffs' property.

WHEREFORE, PREMISES CONSIDERED, Nationwide prays that its Motion to Strike the Expert Report and Testimony of Ted L. Biddy be granted.

THIS, the 2nd day of December, 2008.

> Respectfully submitted,
>
> NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
>
> By Its Attorneys
> WATKINS LUDLAM WINTER & STENNIS, P.A.
>
> By:   */s/ Laura Limerick Gibbes*
>         LAURA LIMERICK GIBBES
>         LGIBBES@WATKINSLUDLAM.COM

5

H. Mitchell Cowan (MSB No.7734)
Laura L. Gibbes (MSB No. 8905)
F. Hall Bailey (MSB No. 1688)
Janet D. McMurtray (MSB No. 2774)
Christopher R. Shaw (MSB No. 100393)
Laura L. Hill (MSB No. 102247)
April D. Reeves (MS Bar No. 100671))
WATKINS LUDLAM WINTER & STENNIS, P.A.
633 North State Street (39202)
Post Office Box 427
Jackson, MS  39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804

**Of Counsel**:
Daniel F. Attridge, P.C. (Bar #44644)
Thomas A. Clare (Bar #44718)
Christian D. H. Schultz (Bar #44747)
Elizabeth M. Locke (Bar #45000)
Robert B. Gilmore (Bar #44997)
KIRKLAND & ELLIS LLP
655 Fifteenth St., NW
Washington, DC  20005
(202) 879-5000 (Telephone)
(202) 879-5200 (Facsimile)

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing using the Court's ECF System, which sent electronic notification of such filing to the following:

Kristopher W. Carter
Donald Jason Embry
Earl C. Denham
Wendy C. Tynes
Denham Law Firm
424 Washington Avenue
P.O. Box 580
Ocean Springs, MS 39566
Tel: (228) 876-1234
Fax: (228) 875-4553

Crockett Lindsey
U.S. Attorney's Office
1575 20th Ave.
Gulfport, MS 39501
Tel: (228) 563-1560
Fax: (228) 563-1571
crockett.lindsey@doj.gov

This, the 2nd day of December, 2008.

By:  */s/ Laura Limerick Gibbes*
　　　LAURA LIMERICK GIBBES
　　　LGIBBES@WATKINSLUDLAM.COM