UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JOHN POLITZ, DECEASED, AND HELEN POLITZ                               PLAINTIFFS

V.                                                  CIVIL ACTION NO. 1:08cv18-LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,                     DEFENDANTS
U.S. SMALL BUSINESS ADMINISTRATION, AND
JOHN DOES 1 THROUGH 9

**ORDER**

There are several discovery-related motions pending in this cause of action, which normally are handled by the Magistrate Judge. However, many of them are connected with a motion aimed at the exclusion of expert testimony, which is within the province of the trial judge. This order focuses on the following motions: Plaintiff's [108] Motion to Supplement the expert report of Ted Biddy; the Plaintiff's [136] Motion for Extension of Time to Complete Discovery and Supplement Pre-discovery Disclosures; and Defendant Nationwide Mutual Fire Insurance Company's (Nationwide) [117] Motion to Strike Plaintiff's [101] Supplemental Pre-discovery Disclosures. All of these motions relate in some manner to Nationwide's [132] Motion to Strike the Expert Report and Testimony of Ted L. Biddy. It should also be noted that Nationwide has filed a [110] Motion to Strike Plaintiff's Claim for Emotional Distress because, despite previous representations that she had not sought treatment for mental health issues arising from Hurricane Katrina, she testified at her deposition on November 13, 2008 (the day before the discovery deadline) that she had indeed sought treatment for depression and anxiety (Plaintiff John Politz is deceased, *see* [17] Suggestion of Death; the singular will be used when referring to the surviving Plaintiff).

Unfortunately, the conduct in this case appears to fit within the comments to the 1983 amendment to Fed. R. Civ. P. 26:

> Excessive discovery and evasion or resistance to reasonable discovery requests pose significant problems. Recent studies have made some attempt to determine the sources and extent of the difficulties . . .
>
> The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." . . . Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of

1

discovery or unnecessary use of defensive weapons or evasive responses. All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake.

Given our adversary tradition and the current discovery rules, it is not surprising that there are many opportunities, if not incentives, for attorneys to engage in discovery that, although authorized by the broad, permissive terms of the rules, nevertheless results in delay . . . . As a result, it has been said that the rules have "not infrequently [been] exploited to the disadvantage of justice." . . . These practices impose costs on an already overburdened system and impede the fundamental goal of the "just, speedy, and inexpensive determination of every action."

(Citations omitted)

It is the Court's observation that Plaintiff's counsel make a habit in this and other cases of moving for extensions of the discovery deadline. *See, e.g., Delchamps v. State Farm Fire and Casualty Co.*, No. 1:06cv1194 (docket entry [130]). At least as to the remedy sought, the instant case is no different from *Delchamps*: even after receiving an extension of the discovery deadline with the admonition that it is "the maximum . . . allowed on the [case's] trial calendar," Plaintiff asks for a second extension (even in the response to Nationwide's [117] Motion to Strike Plaintiff's Supplemental Pre-discovery Disclosures, Plaintiff acts magnanimously in suggesting that Nationwide be allowed to conduct further discovery; the Court is not fooled by this generosity).

Nationwide was virtually forced to file its own [71] Motion to Extend Discovery and Reset Motions Deadline because of difficulties it encountered in scheduling discovery. Nationwide supported its motion with 13 exhibits, including correspondence well in advance of the discovery deadline. Although Plaintiff's [91] response to this motion merely offered general disagreement with Nationwide's assertions and amounted to nothing more than empty excuses, Plaintiff's counsel still did not oppose Nationwide's motion, that is at least not until the Magistrate's [123] order limited allowable discovery to be taken by Nationwide only, which was confirmed by an [147] order denying Plaintiff's [127] Motion to Clarify and/or Reconsideration.

No matter how many guises are used (usually as a part of additional discovery, a formal request for a continuance of the trial date is made, or must be implied from the nature of the relief sought) delay is the unavoidable result. This should not be the case this far into Hurricane Katrina litigation. The Court's procedures and rulings should be familiar, and there is no reason why Plaintiff's counsel can not comply with them.

It would be an easier matter if the Court could also find that Nationwide's counsel is without clean hands in this matter. Nationwide's position may be viewed as a tactical weapon,

but it can hardly be blamed for raising objections and a motion to strike supplemental disclosures filed after discovery closed.  At this point, the worst that can be said of Nationwide is that part of its argument toes a hard line for exclusion of evidence that is potentially subject to being cured, but it also offers the alternative of re-opening discovery because of Plaintiff's counsel's tardiness.

      The ultimate goal of litigation should be the truth, and any party's ability to search for it as well as to seek all available damages and remedies supported by relevant admissible evidence.  The Court is not convinced that Nationwide (or, for that matter, the Plaintiff herself) has had this opportunity.  The Court does not believe that Plaintiff's counsel want to risk the immediate (or even ultimate) exclusion of Biddy or Plaintiff's treating physician as witnesses, which may adversely affect damages.  At the same time, they (and any other witness connected with them) are going to be made available to Nationwide as contemplated by the Federal Rules of Civil Procedure and the Federal Rules of Evidence applying to expert witnesses.  The parties should understand that the testimony will be obtained under the guidance of this ruling and the clear understanding that Plaintiff is not entitled to further discovery.

      This ruling necessitates a brief postponement of the trial scheduled for March 23.  The new trial date shall be June 8, 2009.  With this in mind, the Magistrate Judge shall confer with counsel to develop a plan for discovery on the limited issues of Ted Biddy's report and the testimony surrounding Plaintiff's alleged emotional distress damages.

      Finally, the Court is of the opinion that further consequences may flow from the conduct of Plaintiff's counsel in this matter.  For failure to obey the scheduling order and for failing to participate in the discovery process in good faith, there being no substantial justification for these failures, Plaintiff's counsel is put on notice that any future violations shall be met with all sanctions available to the Court, including but not limited to those contained in Fed. R. Civ. P. 16(f) and 37(b).

      Accordingly, **IT IS ORDERED**:

      Plaintiff's [108] Motion to Supplement the expert report of Ted Biddy is **GRANTED**, without prejudice to Nationwide's ability to further support or supplement its request that said report be excluded;

      Plaintiff's [136] Motion for Extension of Time to Complete Discovery and Supplement Pre-discovery Disclosures is **GRANTED IN PART AND DENIED IN PART**.  It is granted to the extent that the disclosures may be supplemented, and it is denied to the extent that Plaintiff shall not be able to conduct more discovery in this cause of action, with Nationwide being allowed to conduct discovery consistent with the disclosures;

      Nationwide's [117] Motion to Strike Plaintiff's Supplemental Pre-discovery Disclosures is **DENIED**, without prejudice to Nationwide's ability to pursue the exclusion of evidence which may arise therefrom;

The trial of this cause of action is hereby **CONTINUED** to June 8, 2009, and there shall be no further continuances;

This matter is referred to the Magistrate Judge for proceedings consistent herewith.

**SO ORDERED** this the 26th day of January, 2009 .

                                                    s/ L. T. Senter, Jr.
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE