UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JOHN POLITZ, DECEASED, AND HELEN POLITZ                                PLAINTIFFS

V.                                                                CIVIL ACTION NO. 1:08cv18-LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,                              DEFENDANTS
U.S. SMALL BUSINESS ADMINISTRATION, AND
JOHN DOES 1 THROUGH 9

**ORDER**

This order addresses Defendant Nationwide Mutual Fire Insurance Company's (Nationwide) [100] Motion to Dismiss for Failure to Substitute Proper Parties. From a review of the motion papers, it appears that the dispute between the parties is more a matter of form than substance, although Nationwide is exercising caution in bringing this matter to the Court's attention. The real issue appears to arise from a misunderstanding of the scope of the remedy being sought.

The factual basis for Nationwide's request for relief is that Plaintiff John Politz is deceased, *see* [17] Suggestion of Death. His wife, Plaintiff Helen Politz, owned the property damaged by Hurricane Katrina as a joint tenant with full rights of survivorship. She is also a named insured (with her name appearing as Jan Politz) on the Nationwide policy providing coverage on the subject property.

The legal ground behind Nationwide's motion is Fed. R. Civ. P. 25, which is entitled Substitution of Parties and contains the following pertinent provisions:

    (a) Death

    (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

    (2) In the event of the death of one or more of the plaintiffs or of one or

more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

* * *

(c) In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.

* * *

Nationwide's motion is aimed specifically at claims asserted by the late Mr. Politz, and even more particularly at any damages he may have suffered, including but not limited to emotional distress. Plaintiff responds by asserting that, under subsection (a)(2) of Rule 25 quoted above, there was no need to substitute a party in this case because the action did not abate with Mr. Politz's death. However, Plaintiff goes on to claim that "Mrs. Politz is entitled to all relief sought in the Complaint."

The Court does not agree entirely with Plaintiff's assessment, for while the Court understands (and Nationwide does not dispute) that Mrs. Politz may proceed with her cause of action, the rights and remedies pursued by Mr. Politz that are exclusive to him do not necessarily survive his death. Further, even if they do, no legal representative has been appointed for this purpose. By the terms of subsection (a)(1) of Rule 25 quoted above, "the action shall be dismissed as to the deceased party."

Accordingly, **IT IS ORDERED**:

Nationwide's [100] Motion to Dismiss for Failure to Substitute Proper Parties is **GRANTED IN PART** and **DENIED IN PART**. It is granted to the extent that all causes of action belonging to Plaintiff John Politz, deceased, are hereby dismissed, and it is denied to the extent that all causes of action belonging to Plaintiff Helen Politz continue unabated;

Plaintiff's [137] Motion to File Sur-rebuttal with respect to Nationwide's [100] Motion to Dismiss for Failure to Substitute Proper Parties is **DENIED**.

**SO ORDERED** this the 13th day of February, 2009 .

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE