# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

JOHN POLITZ and HELEN POLITZ                              PLAINTIFFS

V.                                            CIVIL ACTION NO.1:08CV18 LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,
U.S. SMALL BUSINESS ADMINISTRATION, ET AL.             DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## ON MOTIONS FOR ESTOPPEL

The Court has before it two motions seeking a finding of estoppel. The motion [125] of Nationwide Mutual Fire Insurance Company (Nationwide) asks the Court to find that–by applying for and accepting a Mississippi Development Authority (MDA) grant–Plaintiff Helen Politz (Politz) has admitted that at least some of the damage to the insured property was caused by storm surge flooding. Politz's motion [157] asks the Court to find that the payment of insurance benefits by Nationwide constitutes an admission that the insured property sustained covered damage in the amount of Nationwide's payment.

Plaintiff's application for the MDA grant states that her residence property sustained flood damage during Hurricane Katrina. For this reason, consistent with my prior rulings on this point, applying for and accepting the MDA grant is an admission by Plaintiff that her property was damaged by storm surge flooding. But unlike the receipt of flood insurance benefits, applying for and accepting the MDA grant does not indicate that the amount of flood damage is in any way equivalent to the amount of the grant.

Nationwide's decision to pay Plaintiff policy benefits of $30,339.57 was accompanied by its letter stating: "We are enclosing a check for the amount of damages which we believe we owe at this time for damages caused during Hurricane Katrina."

Based upon the actions by the parties set out above, it appears to me that both parties have admitted that the damage to the insured property was caused in part by wind (a covered cause of loss) and in part by storm surge flooding (an excluded cause of loss).

Plaintiff's applying for and accepting the MDA grant will be admissible if Plaintiff undertakes to testify or to offer expert testimony that storm surge flooding played no part in damaging the insured property. The amount of the grant is not relevant to any issue currently in dispute, and this information will not be admitted into evidence at trial.

Nationwide has characterized the $30,339.57 it tendered to Plaintiff as a "voluntary payment." Nationwide points out that under Mississippi law a "voluntary payment" is one that "the payor does not owe, and which is not enforceable against him," citing *Genesis Ins. Co. v. Wausau Ins. Cos.*, 343 F.3d 733 (5th Cir. 2003) (applying Mississippi law). In light of the Plaintiff's claim that was pending at the time Nationwide made this payment, the payment does not comfortably fit into the definition of a "voluntary payment" set out above. Rather, taking Nationwide at its word, as set out in its letter accompanying this payment, it appears to me that this was Nationwide's best estimate of the amount it owed Plaintiff under her homeowners policy. Should Nationwide now assert that it owed nothing under the policy, this letter would be admissible to bring the credibility of that contention into question.

While I do not view either of the actions discussed above sufficient to raise an estoppel, both acts are admissions which will be allowed into evidence should either party undertake to establish that the damage to the insured property was not the product of both storm winds and storm surge flooding.

Accordingly, it is

**ORDERED**

That Nationwide Mutual Fire Insurance Company's motion [125] for estoppel and Plaintiff's motion [157] for estoppel are hereby **DENIED**, consistent with this opinion.

**SO ORDERED** this 11th day of May, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE