# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JOHN POLITZ and HELEN POLITZ**                               **PLAINTIFFS**

**V.**                                          **CIVIL ACTION NO.1:08CV18 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,**
**U.S. SMALL BUSINESS ADMINISTRATION, ET AL.**          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## ON NATIONWIDE'S MOTION *IN LIMINE* [284] TO EXCLUDE
## EVIDENCE IN SUPPORT OF PLAINTIFF'S CLAIM FOR DEBRIS REMOVAL

The Court has before it Nationwide Mutual Fire Insurance Company's (Nationwide) motion *in limine* [284] asking the Court to exclude evidence, testimony, or argument in support of the plaintiff's claim for recovery of debris removal expenses under her Nationwide homeowners policy.

The policy provides:

**Additional Property Coverages**
These additional property coverages are subject to the policy deductible except as noted. In no event will the deductible be applied more than once to any one loss.

     1.      **Debris Removal**. **We** will pay reasonable expenses **you** incur removing debris of covered property, if the peril causing the loss is covered. This includes debris of trees that cause damage to covered property or covered structures. . . .

     \*      \*      \*

     2.      **Live Tree Debris Removal.** In the event of a loss, **we** will also pay the reasonable expense **you** incur for the removal of live tree debris from the **residence premises**, that does not cause damage to covered property or covered structures. The most **we** will pay is $500, regardless of the number of trees requiring removal, for any one loss. Loss must be the result of a Coverage C Perils Insured Against. This is an additional amount of coverage.

     \*      \*      \*

     4.      **Trees, Shrubs, Plants and Lawns**. We cover trees, shrubs, plants or lawns on the residence premises for loss caused by the following perils: fire and lightning; explosion; riot and civil commotion; aircraft; vehicles not

owned or operated by a resident of the residence premises; vandalism or malicious mischief; collapse of a building; or theft.

Nationwide has paid the $500 limit of coverage for live tree debris removal expenses.

In support of her claim for debris removal plaintiff produced, at the end of the discovery period, two documents prepared by D&J Tree & Debris Removal of Gulfport, Mississippi: a $2,500 estimate for debris removal expenses and a bill for $1,000 for "15 yards top soil Bobcat work." Plaintiff has acknowledged that the $2,500 in estimated debris removal expenses was not in fact incurred, and this document is therefor not relevant to any issue at dispute. Nationwide contends that the $1,000 invoice was not for debris removal but was instead for expenses relating to the plaintiff's lawn. Coverage for expenses to repair damage to a lawn is limited to the perils identified in provision 4 of the Additional Coverages set out above, none of which pertain to the plaintiff's loss.

Other than these two documents, plaintiff did not provide any evidence during the discovery process of expenses she incurred for debris removal. While the plaintiff contends that she should be permitted to testify concerning the debris removal expenses she incurred, I will not permit any such testimony that goes beyond the evidence disclosed during discovery.

The $1,000 invoice is somewhat ambiguous, and I will limit the plaintiff's testimony concerning the debris removal expenses she incurred to clarification of the services covered by this invoice to the extent she can testify from first hand knowledge concerning the work that was actually performed.

Accordingly, it is

**ORDERED**

That the motion *in limine* [284] of Nationwide Mutual Fire Insurance Company asking the Court to exclude any evidence, testimony, or argument concerning debris removal expenses is **GRANTED IN PART** and **DENIED IN PART**;

The motion is **GRANTED** as to any evidence not produced by the plaintiff during discovery in response to discovery requests made by Nationwide;

The motion is **GRANTED** as to the $2,500 estimate prepared by D&J Tree & Debris Removal of Gulfport, Mississippi;

The motion is **DENIED** as to the $1,000 invoice of D&J Tree & Debris Removal of Gulfport, Mississippi, and as to the plaintiff's testimony concerning the services actually rendered and the expenses actually incurred for the "bobcat work" reflected in this invoice.

**SO ORDERED** this 18th day of May, 2009.

                                                    s/ <u>L. T. Senter, Jr.</u>
                                                    L. T. SENTER, JR.
                                                    SENIOR JUDGE