# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JOHN POLITZ and HELEN POLITZ**                                                 **PLAINTIFFS**

**V.**                                **CIVIL ACTION NO.1:08CV18 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,**
**U.S. SMALL BUSINESS ADMINISTRATION, ET AL.**              **DEFENDANTS**

## MEMORANDUM OPINION ON NATIONWIDE MOTION *IN LIMINE* [283] TO EXCLUDE EVIDENCE OF ADDITIONAL LIVING EXPENSES

The Court has before it the motion *in limine* [283] of Nationwide Mutual Fire Insurance Company to exclude evidence, testimony, or argument concerning uncompensated "additional living expenses." Plaintiff's Nationwide homeowners policy provides coverage for loss of use (under Coverage D) including additional living expenses (not subject to a deductible) incurred by the named insured as a result of a covered loss for a maximum of 12 months and up to a policy limit of $21,360. The policy provides:

> **COVERAGE D - LOSS OF USE**
> **We** cover, subject to the coverage limit which is the total limit, all of the following:
> 1.    **Additional Living Expenses**. If a covered loss requires **you** to leave the **residence premises**, **we** will pay the required increase in living expenses **you** incur to maintain your normal standard of living. Payment will be for the shortest time required to repair or replace the premises; or, if **you** permanently relocate, for the shortest time required for **your** household to settle elsewhere. Payment will not exceed the limit of liability shown on the Declarations of 12 months, whichever occurs first. This period of time is not limited by the end of the policy period . . .

The policy further provides:

Property Conditions
(Section I)
                                             \*        \*        \*

3.      Your duties after loss. In case of loss, you must:

                                             \*        \*        \*

>   d) submit to us, within 60 days after we request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
>
>   \* \* \*
>
>   (7) receipts for additional living expenses . . .

Nationwide provided the plaintiff with $6,000 (in two payments) in September and November 2005. Nationwide tendered this amount to the plaintiff despite its contention that these policy benefits were not owed, based on Nationwide's conclusion that the insured dwelling was rendered uninhabitable by storm surge flooding (an excluded peril) and not by windstorm damage (a covered peril). The payments were denominated as "loans" at the time they were made, but Nationwide now apparently considers these to be payments of policy benefits under Coverage D.

In support of this motion, Nationwide asserts that its denial of this category of benefits is fully justified by its conclusion that no covered loss has occurred. The question whether the plaintiff and her husband were displaced by a covered loss is a fact question, and I do not find that the challenged evidence can rightfully be excluded on this basis.

Alternatively, Nationwide asserts that plaintiff has failed to provide receipts for additional living expenses within the time required by the policy (60 days after this information has been requested).

Plaintiff identified, by affidavit, approximately $21,000 in expenses she contends are covered as "additional living expenses." The components of this claim include:

1. $12,583.43 in mortgage payments on the insured property;

2. $3,000 in rent for a residence in Alabama leased by the plaintiffs;

3. $346.60 for storage unit rental;

4. $1,350 for lot rental for the FEMA trailer the plaintiff and her husband occupied after the storm;

5. $375 (approximately) in bills from Cingular, presumably cell phone expenses;

6. $400 (approximately) for food;

7. $250 (approximately) for gas;

8. $850 (approximately) for prescriptions or apothecary;

9. $1,500 (approximately) identified only as "miscellaneous";

10. $28 in automotive expenses

Because the mortgage payments included in this itemization represent an obligation the plaintiff and her husband assumed before the storm, I find that these payments do not fit within the policy coverage for increased living expenses made necessary by the loss of the insured dwelling.

The itemization of $1,500 in undocumented expenses identified only as "miscellaneous" are too indefinite to meet the requirements of the policy concerning the verification, indeed the documentation, of this category of loss.

In the absence of evidence to establish that the $850 in prescription expenses were incurred because of the plaintiff and her husband's dislocation, this expense would also be outside Coverage D.

After crediting the $6,000 in payments already made by Nationwide against the remaining expenses the plaintiff has itemized, there is less than $1,000 in dispute for this category of contract damages. I will hear the evidence from the plaintiff concerning her inability to document these remaining expenses.

I will grant Nationwide's motion [283] in part and exclude evidence concerning the plaintiff's mortgage payments and any undocumented expenses identified only as "miscellaneous." As to the other expenses itemized in the plaintiff's affidavit, I will deny the motion.

An appropriate order will be entered.

**DECIDED** this 18th day of May, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE