## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JOHN POLITZ and HELEN POLITZ**                                **PLAINTIFFS**

**V.**                       **CIVIL ACTION NO.1:08CV18 LTS-RHW**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,**
**U.S. SMALL BUSINESS ADMINISTRATION, ET AL.**         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION *IN LIMINE* [276]
## TO EXCLUDE NATIONWIDE EXHIBITS DX288 AND DX289

The Court has before it Plaintiff Helen Politz's motion *in limine* [276] asking the Court to exclude two exhibits identified by Nationwide Mutual Fire Insurance Company (Nationwide) for use at trial. Both Exhibits DX288 and DX289 are identified on Nationwide's exhibit list as "Ochsner Clinic Foundation General Phone Note."

Exhibit DX288 is dated February 28, 2008. The patient to whom the note refers is identified as the plaintiff. This note states: "pt is very upset over her husband health condition, needs something to help her nerves."; "husband has been transferred to baton rough [sic] skilled nursing, has alot [sic] of decisions to make, can you order something for her nerves........winn dixie 228-832-0051..........pt is crying and very upset.........please see allergies." This note is electronically signed by Donna DeDual, LPN at 11:25:38 AM. The note is also electronically signed by Mark E. Babo, M.D., at 11:30:17 AM. This note indicates that Dr. Babo prescribed Klonopin and Prozac.

DX289 is dated October 22, 2008. The patient to whom the note refers is identified as the plaintiff. This note states: "PT IS HAVING ANXIETY AND DEPRESSION FROM HER HUSBAND PASSING AND WANTS SOMETHING FOR IT CALL IN TO RITE AID 641-3847". This note is electronically signed by Donna DeDual LPN at 09:37:50 AM. The note is also electronically signed by Mark E. Babo, M.D., at 10:52:40 AM. The note indicates that Dr. Babo prescribed Celexa.

Plaintiff asserts three grounds for the exclusion of these documents:

1.     That the documents have not been properly authenticated;

2.     That the documents constitute hearsay;

3.     That the documents are only part of the plaintiff's medical records.

Plaintiff asserts that the introduction of this small part of the plaintiff's medical records risks jury confusion and urges the Court to exclude the notes under Federal Rules of Evidence 403.

Nationwide intends to introduce these exhibits to show that the mental and emotional distress the plaintiff has suffered during the time her claim against Nationwide has been pending may not be attributed entirely to the problem she has had obtaining payment under her homeowners policy. Because the plaintiff has made a claim against Nationwide for mental and emotional distress, these documents are, in my opinion relevant and admissible as evidence of other events that plaintiff identified to one of her physicians as stress factors in her life during the relevant time frame.

During his deposition testimony, Dr. Babo identified both of these exhibits as part of the plaintiff's medical records. The documents are, therefore, properly authenticated in this testimony.

Dr. Babo's deposition testimony also establishes that these documents were generated in the ordinary course of his practice, that they are the type of records he regularly uses in his practice, and that they reflect procedures he follows in the regular course of his practice. The documents are, therefore, exceptions to the rule prohibiting hearsay.

While the plaintiff is free to offer any of the other relevant and properly authenticated documents Dr. Babo maintained as part of her medical record, the fact that these two exhibits constitute only part of her medical record is not a sufficient grounds for their exclusion from evidence.

Accordingly, it is

**ORDERED**

That the plaintiff's motion *in limine* [276] to exclude Exhibits DX288 and DX289 is hereby **DENIED**.

**SO ORDERED** this 18th day of May, 2009.

                                           s/ L. T. Senter, Jr.
                                           L. T. SENTER, JR.
                                           SENIOR JUDGE