UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JOHN POLITZ and HELEN POLITZ                                              PLAINTIFFS

V.                                                      CIVIL ACTION NO.1:08CV18 LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,
U.S. SMALL BUSINESS ADMINISTRATION, ET AL.                   DEFENDANTS


**MEMORANDUM OPINION ON NATIONWIDE MOTIONS *IN LIMINE*
TO EXCLUDE EVIDENCE OF REPLACEMENT COST [282] AND
TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING
REPLACEMENT COST COVERAGE UNDER OPTION K [281]**

The Court has before it two motions *in limine* [281] [282] filed by Nationwide Mutual Fire Insurance Company (Nationwide). Both concern the admission of evidence of the replacement cost of the plaintiff's residence and its proper valuation.

Nationwide's first motion [281] asks the Court to exclude any evidence, testimony, or argument relating to Option K of the plaintiff's Nationwide homeowners policy. Option K provides for a 20% increase of the limits shown in the declarations of the policy "[i]f the amount actually and necessarily spent to repair or replace the dwelling is more than the Coverage A - Dwelling Limits of Liability . . . ." This coverage supplements the policy coverage for actual cash value (ACV) provided under Coverage A.

The policy states: "Actual Cash Value" means the amount it would cost to repair or replace covered property with materials of like kind and quality, less allowance for physical deterioration and depreciation, including obsolescence." The Coverage A limit of liability for plaintiff's dwelling shown in the declarations of the policy is $106,800. Were Coverage K applicable, this limit would be enhanced by 20% to $128,160. The policy provides:

> **Property Conditions**
> *(Section 1)*
>                              *       *       *
>
> 4.   ***Loss Settlement***.   Covered losses will be settled, up to the applicable
>      limit of liability, by us paying:
>
>                              *       *       *

> b) the cost to repair or replace without deduction for depreciation for buildings in Coverage A or B based on equivalent construction and use on the same premises except:
> 
> (1) *we* will pay no more than the **actual cash value** of the damage until the repair or replacement is made when the cost to repair or replace the damage is more than $1,000 or more than 5 percent of the amount of insurance in this policy on the building, whichever is less.
> 
> (2) when *you* claim loss or damage to buildings on an **actual cash value** basis. You may make claim within 180 days after the loss for any added loss based on the cost to repair or replace.
> 
> (3) if you choose not to repair or replace, *we* will pay only the **actual cash value** of the damaged building, not to exceed the applicable limit of liability.

Plaintiff's dwelling was a total loss, and plaintiff elected to purchase another home at a cost of $183,000, instead of repairing or rebuilding on the insured premises. Thus plaintiff did not replace the insured dwelling with "equivalent construction and use on the same premises" and thereby qualify under provision 4 (b) (set out above) for payment of "the cost to repair or replace without deduction for depreciation for [her dwelling]."

Plaintiff acknowledges that the home she purchased after the storm is larger than the insured dwelling. Plaintiff asserts that her new home is constructed from materials of like kind and quality as her insured dwelling. The issue of coverage under Option K comes down to the question whether plaintiff can establish as a matter of fact that her purchase of a larger and more expensive home was necessary, within the meaning of that policy provision (Option K). There appears to be no question that the cost of the home she purchased ($183,000) exceeded the actual cash value of the insured dwelling and that it exceeded the limits of liability under the policy whether or not Option K applies.

There is enhanced coverage under Option K if the plaintiff's purchase of this home was necessary and if all the other conditions that apply to Option K coverage are satisfied. These conditions are:

**Option K.**

\* \* \*

***SPECIAL CONDITIONS:***
*You must:*
1. insure the dwelling in which **you** live, located at the **residence premises**, to 100% of the cost to repair or replace it; and

> 2. *accept the annual adjustment in the Coverage A - Dwelling limit of liability due to Inflation Protection Coverage and pay the premium charged; and*
> 3. *notify **us** within 90 days of the start of any physical improvements or additions which increase the replacement cost value of your dwelling by $5,000 or more and pay any additional premium due.*
>
> ***You*** *must comply with these special conditions or **we** will pay no more than the policy limit in effect on the date of loss, less applicable deductibles.*

Nationwide asserts that Plaintiff did not comply with the third special condition set out above. Plaintiff's deposition testimony (at page 91):

> Q. Do you have any reason to disagree that this number [$106,800] accurately reflects the value of your home, the dwelling, your home at the time of Hurricane Katrina?
> A. Yes. It wasn't enough insurance to cover my home. My husband and I had talked about that. Well, since we just remodeled and put so much money into it, we need to increase the insurance, but we had not got around to doing it yet.

From the record before me, it is not clear when the plaintiff and her husband did the remodeling she referred to. If the loss occurred within 90 days of the start of the remodeling project, the plaintiff was not in violation of the third special condition set out above. This is a question of fact that must be decided on a more complete record.

Thus, the question whether the enhanced coverage afforded by Option K applies to the plaintiff's claim turns on questions of fact that cannot be answered at this time and on this record. I will therefore deny Nationwide's motion [281] to exclude evidence relevant to this coverage.

Nationwide's second motion [282] seeks the exclusion of all evidence of valuation on the grounds that it does not contest the fact that any valuation of the plaintiff's dwelling, whether actual cash value or the enhanced value under Option K, exceeds the policy limit of coverage for the dwelling, i.e. exceeds even the enhanced coverage under Option K ($128,160).

The key fact the jury will be called upon to decide is the extent to which the insured property was damaged by wind, a covered peril, as opposed to storm surge flooding, an excluded peril. In the past I have approached the submission of this issue to the jury by instructing that the jury make its best estimate, in accordance with the evidence, of the percentages of damage attributable to wind and the percentage attributable to storm surge flooding. In order to make a determination of the amount, if any, owed under the Nationwide policy, these percentages must be applied to the total amount of the loss, i.e. to the actual cash value of the property at the time of loss. Once these percentages are applied to the total loss, the amount Nationwide owes under the plaintiff's policy can be calculated by applying payments already made, deductibles, inflation coverage, and the limits of liability.

If Coverage K does not apply, the limit of liability stated in the policy declarations will be used in this final calculation. If Coverage K does apply, the limits stated in the policy declarations will be increased by 20%, and this is the figure that the final calculation will take into account. But the formula will require a finding by the jury of the amount of the total loss as well as the percentages of damage allocated to wind and to water.

Thus, the stipulation that the value of the covered property exceeds the limits of coverage is not enough to make the amount of the total loss irrelevant. Evidence of valuation must be admitted in order to make possible the determination of Nationwide's liability. I will therefore deny Nationwide's motion [282] to exclude all evidence of valuation.

**DECIDED** this 18th day of May, 2009.

                                          s/ L. T. Senter, Jr.
                                          L. T. SENTER, JR.
                                          SENIOR JUDGE