UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JOHN POLITZ, DECEASED,  AND HELEN POLITZ                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 1:08cv18-LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,                    DEFENDANTS
U.S. SMALL BUSINESS ADMINISTRATION, AND
JOHN DOES 1 THROUGH 9

## ORDER

The purpose of this order is to dispose of Defendant Nationwide Mutual Fire Insurance
Company's [292] Motion for Trial in Separate Phases.  Based on the following discussion, this
motion will be granted.

One of the types of damages allegedly suffered by Plaintiff and for which compensation is
sought is mental and emotional distress.  Plaintiff's position is that mental and emotional distress
evidence is considered in the first phase of the trial.

Plaintiff's claims arise from a contract, and the only damages directly "compensatory" in
nature relate to the underlying claim for benefits under the policy.  The second and third phases
are reserved for consideration of punitive and extra-contractual damages.  *Broussard v. State
Farm Fire and Casualty Co.*, 523 F.3d 618 (5th Cir. 2008), suggests that consequential or extra-
contractual damages may be appropriate when punitive damages are not.  In addition, the
Mississippi Supreme Court, in *United American Insurance Co. v. Merrill*, 978 So. 2d 613 (Miss.
2007), held that attorney's fees are justified where punitive damages are awarded.

An insurance company's potential liability for damages outside the contract–such as for
mental and emotional distress; attorney fees and expenses; and punitive damages–is based on the
theory that an independent tort has been committed.  Although a minimum amount of actual
damages has likely been admitted already (docket entry [294]) and Plaintiff is entitled to seek
more benefits under her insurance policy, there is a danger of unfair prejudice and confusion of
the issues if evidence related to extra-contractual damages is allowed in the first phase that deals
with contractual damages.  Conversely, there is no danger of delay, duplication, or an increase in
costs when the presentation of testimony and evidence is presented sequentially.

The Court previously held in this matter [252] that "[a]ny discussion of mental or
emotional distress will be excluded from evidence during the first phase of this trial when the
issue of contract damages alone will be decided."  Plaintiff's reliance on *Ross v. Metropolitan
Property and Casualty Insurance Co., et al.*, No. 1:07cv521, for a contrary proposition is
misplaced, for the Court also held there that "separate proceedings at the same trial will be held

with respect to the coverage claim, on the one hand, and the punitive/extra-contractual damages issue, on the other."

Depending on the outcome of the first phase, it follows that the non-contractual damages–mental and emotional distress, for example–potentially do not come into play until after the first phase. Thus, to repeat, the only issue to be tried in phase one is the coverage claim. The subject(s) of any additional phases will be determined once the first phase is fully concluded. It has also been the Court's practice to allow counsel for each party to make statements at the beginning of each phase that is held, and each party will be allowed to address the prospect of punitive/extra-contractual damages in *voir dire*.

Accordingly, **IT IS ORDERED**:

Nationwide's [292] Motion for Trial in Separate Phases is **GRANTED**.

**SO ORDERED** this the 28th day of May, 2009 .

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE