UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JOHN POLITZ, DECEASED, AND HELEN POLITZ                               PLAINTIFFS

V.                                                    CIVIL ACTION NO. 1:08cv18-LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,                             DEFENDANTS
U.S. SMALL BUSINESS ADMINISTRATION, AND
JOHN DOES 1 THROUGH 9

# ORDER

This order primarily addresses Plaintiff's [398] Motion for Review of and Objection to the [386] Order of the United States Magistrate Judge. The Magistrate Judge denied Plaintiff's [352] Motion for Leave to Designate Mental Health Expert.

The Magistrate summarized his decision as follows:

> Although the additional discovery period was scheduled to expire July 17, 2009, the docket reflects no effort by Plaintiff to secure her own mental health expert until after Nationwide's motion for mental health examination of Plaintiff was granted on June 1, 2009. The gist of Plaintiff's present motion [352] is that if Nationwide is going to have a mental health expert to impeach or rebut her testimony, then Plaintiff should be allowed to have one to support her claim. Plaintiff cites no authority whatsoever to support this contention, and she fails to give any reason for her failure to timely designate such an expert.

It should be noted that Plaintiff also filed a [350] Motion for Review (as supplemented [351]) of the Magistrate's [348] order allowing a mental examination of the Plaintiff under the authority of Fed. R. Civ. P. 35. That motion was [371] denied.

Throughout the long history of this litigation, which was [1] initiated on January 17, 2008, Plaintiff, despite several opportunities to do so in the form of extensions of the discovery deadline, has never designated a mental health expert before the appropriate deadline. Indeed, the position consistently offered on her behalf is that expert testimony on her mental condition by her treating physician is not needed to carry her burden to establish a basis for recovery, and that she alone can offer lay testimony about damages she claims she suffered for mental anguish, stress, anxiety, and emotional distress arising from Defendant's conduct.

The Court will not revisit the [371] affirmance of the Magistrate's decision to allow a mental examination under Fed. R. Civ. P. 35. Plaintiff couched her opposition to the Rule 35 motion as an attempt by Defendant to designate its own expert, when under the provisions of the

rule the appointment is made by the Court.  Plaintiff primarily criticized the choice proffered by Defendant, but did not question whether he was suitably licensed or certified.  In addition, Plaintiff never suggested a specific mental health expert to conduct the Rule 35 exam.  Indeed, Plaintiff simply requested that she be allowed to "designate" her own mental health expert, but under Rule 35 this is not a case of offsetting the person making the examination with the designation of an expert by the non-Rule 35 movant.  Plaintiff's subsequent [353] Motion to Designate Mental Health Expert now under review is a collateral, second attack on the Court's decision to allow the Rule 35 exam.

Rule 35 is aimed at the situation of "[w]hen the mental . . . condition . . . of a party . . . is in controversy."  If, as Plaintiff argues (citing a case from the Northern District of Texas), the purpose of Rule 35 is to put the defense on equal footing with the Plaintiff, that goal is accomplished here, especially given Plaintiff's insistence all along that she has never needed an expert to testify on her behalf about her mental condition in her pursuit of damages for the mental stress allegedly caused by Defendant.

The Court notes that Plaintiff refers to eliciting testimony about mental and emotional distress during her "case in chief" and in "rebuttal."  The parties are reminded of the Court's [345] Order granting Defendant's request for trial in separate phases, along with its earlier [252] ruling that "[a]ny discussion of mental or emotional distress will be excluded from evidence during the first phase of this trial when the issue of contract damages alone will be decided."  The Court repeats–again–that "the only issue to be tried in phase one is the coverage claim."  Of course, the Court reserves its ability to determine the admissibility of any testimony.

Plaintiff's [398] motion, and particularly her [409] reply, which goes far afield from the issue before the Court, fails to establish that the Magistrate's order is clearly erroneous or contrary to law, or in need of being vacated, reversed, or modified, *see* Fed. R. Civ. P. 72(a).  Plaintiff's motion for review will be denied.  Defendant's related [402] Motion to File Documents Under Seal, which admits that "the information sought to be submitted under seal does not contain 'sensitive information'" concerning the Plaintiff as contemplated by the local rules, will also be denied.

Accordingly, **IT IS ORDERED**:

The [386] Order of the United States Magistrate Judge denying Plaintiff's [352] Motion for Leave to Designate Mental Health Expert is **AFFIRMED**;

Plaintiff's [398] Motion for Review of and Objection to the [386] Order of the United States Magistrate Judge is **DENIED**;

Defendant's [402] Motion to File Exhibits Under Seal is **DENIED**.

**SO ORDERED** this the 20th day of August, 2009 .

                                                  s/ L. T. Senter, Jr.
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE