IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HELEN POLITZ**     **Plaintiff**

v.     **Civil Action No.: 1:08cv18-LTS-RHW**

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, U.S. SMALL
BUSINESS ADMINISTRATION, AND
JOHN DOES 1 THROUGH 10**     **Defendants**

### NATIONWIDE MUTUAL FIRE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [DKT. 423]

Defendant Nationwide Mutual Fire Insurance Company ("Nationwide"), by and through counsel, files this Response in Opposition to Plaintiff's Motion for Protective Order to Preclude Nationwide from Publicly Releasing Plaintiff's July 21, 2009 Deposition and/or Independent Mental Evaluations ("Pl.'s Mot."). In response to Plaintiff's Motion, Nationwide states as follows:

1. On August 3, 2009, Nationwide filed two pleadings, its Second Supplemental Motion for Summary Judgment (Dkts. 404-05) and its Response in Opposition to Plaintiff's Motion for Review of and Objection to the United States Magistrate Judge's Order (Dkt. 403). On the same day, Nationwide also filed a Motion to File Documents Under Seal (Dkt. 402), requesting that this Court seal Plaintiff's July 21, 2009 deposition and the July 17, 2009 independent mental evaluation of Plaintiff by Dr. Mark Webb. In its Motion to File Documents Under Seal, Nationwide explained that these documents otherwise would have been attached to Nationwide's pleadings filed on the same day, but due to sensitive information contained in each, the parties respectfully requested that the Court permit them to be filed under seal. On August 20, 2009, this Court denied the Motion to File Documents Under Seal. (*See* Aug. 20, 2009 Order

at 3 (Dkt. 415).) Thus, on August 27, 2009, when Nationwide filed its Reply in Support of Second Supplemental Motion for Summary Judgment and the Reply brief cited to Plaintiff's July 21, 2009 deposition, Nationwide attached Plaintiff's deposition as Exhibit 2 to its Reply brief, since the Motion to File Documents Under Seal had been denied. To date, Nationwide has not filed Dr. Webb's mental evaluation of Plaintiff through the Court's ECF filing system.

2.    In light of this series of events, Plaintiff filed a Motion To Seal Exhibit "2" on August 28, 2009, asking this Court again to seal Plaintiff's July 21, 2009 deposition. And on August 30, 3009 Plaintiff filed a Motion for Protective Order, which is the subject of this response.

3.    In her most recent Motion, Plaintiff asks this Court to "completely preclude any public distribution" of these two documents. (Pl.'s Mot. at 1.) As an initial matter, Plaintiff's Motion is moot. The parties requested leave to file these documents under seal from this Court, which was denied. If, however, the Court construes Plaintiff's Motion as a request for reconsideration of that issue, Nationwide respectfully submits that Plaintiff's requested relief is overly broad. As Nationwide explained in its Response To Plaintiff's Motion To Seal Exhibit "2", Nationwide has no objection to filing these documents under seal *at this stage of the proceedings*. But Nationwide should be permitted to use these documents during trial either as affirmative evidence or for impeachment purposes. Absent an order from this Court, a trial in this matter will be open to the public. Plaintiff has made no showing that Nationwide should be precluded from using these documents during a public trial. Indeed, such a request raises serious constitutional questions under the First Amendment. *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070-71 (3d Cir. 1984) (holding that there is a presumption of openness to civil trials

under the First Amendment and that a moving party must demonstrate the closure of a hearing will prevent "a clearly defined and serious injury to the party seeking closure").

4. Because relevant legal authorities have been provided in this Response, Nationwide respectfully requests that the Court waive its usual requirement that a separate memorandum of authorities be filed. *See* Uniform Local Rule 7.2.

WHEREFORE PREMISES CONSIDERED, Nationwide respectfully requests that the Court deny Plaintiff's Motion for Protective Order to Preclude Nationwide from Publicly Releasing Plaintiff's July 21, 2009 Deposition and/or Independent Mental Evaluations.

THIS, the 17th day of September, 2009.

    Respectfully submitted,

    NATIONWIDE MUTUAL FIRE
    INSURANCE COMPANY, Defendant

    By Its Attorneys,
    WATKINS LUDLAM WINTER & STENNIS, P.A.


    By: /s/ Laura Limerick Gibbes
        LAURA LIMERICK GIBBES
        lgibbes@watkinsludlam.com

H. Mitchell Cowan (MSB No.7734)
Laura Limerick Gibbes (MSB No. 8905)
F. Hall Bailey (MSB No. 1688)
Janet D. McMurtray (MSB No. 2774)
Christopher R. Shaw (MSB No. 100393)
Laura L. Hill (MSB No. 102247)
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800 (39201)
Post Office Box 427
Jackson, MS  39205
Telephone: (601) 949-4900
Facsimile: (601) 949-4804

Of Counsel:
Daniel F. Attridge, P.C. (Bar No. 44644)
Thomas A. Clare, P.C. (Bar No. 44718)
Christian D. Schultz (Bar No. 44747)
Robert B. Gilmore (Bar No. 44997)
Elizabeth M. Locke (Bar No. 45000)
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Suite 1200
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Kristopher W. Carter, Esq.
>Earl Denham, Esq.
>Denham Law Firm
>424 Washington Avenue
>Post Office Drawer 580
>Ocean Springs, MS  39566-0580
>
>Crockett Lindsey
>U.S. Attorney's Office
>1575 20th Ave.
>Gulfport, MS 39501
>Tel: (228) 563-1560
>Fax: (228) 563-1571
>crockett.Lindsey@usdoj.gov

This, the 17th day of September, 2009.

>>/s/ Laura Limerick Gibbes
>>LAURA LIMERICK GIBBES
>>lgibbes@watkinsludlam.com