IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HELEN POLITZ                                                                                              PLAINTIFF

VERSUS                                                          CIVIL ACTION NO.:1:08CV18-LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, ET AL        DEFENDANTS

**REPLY TO [428] RESPONSE IN OPPOSITION TO [424] MOTION FOR LEAVE
TO FILE SUR-REBUTTAL TO DEFENDANT'S [420] REPLY IN SUPPORT
OF SECOND SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT
FILED BY NATIONWIDE MUTUAL FIRE INSURANCE COMPANY**

COMES NOW the Plaintiff, HELEN J. POLITZ, by and through her attorneys of record, DENHAM LAW FIRM, and would file this her Reply to [428] Response In Opposition to [424] Motion For Leave To File Sur-Rebuttal To Defendant's [420] Reply in Support of Second Supplemental Motion for Summary Judgment filed by Nationwide Mutual Fire Insurance Company, and in support thereof would show as follows:

I.

The subject Nationwide Homeowner's policy Option K does **not** require an insured to replace the property on the same premises location. Nationwide should be estopped from attempting to utilize language not contained in the subject policy. As the Court is aware, the Nationwide Homeowners policy is different from the Economy Premier Insurance Company policy which applied in *Ross v. Metropolitan Prop. Cas. Ins. Co*. No. 1:07CV521-LTS. In this case Plaintiff made a claim for replacement costs. Docket [223] in the *Dickinson* v *Nationwide Mut. Fire Ins. Co*. No. 1:06CVI98-LTS-RH (S.D. Miss. June 24, 2008); referenced by Defendant refers only to "Additional Living Expenses" and does not address replacement cost of a dwelling. Because Nationwide has **not** paid Plaintiff even the amount of actual cash value to

1

allow Plaintiff to repair and/or replace her dwelling the other cases cited by Nationwide are inapplicable. Further, Nationwide should be estopped from denying Plaintiff's claim for replacement cost, since Nationwide has **not** paid Plaintiff an amount to enable Plaintiff to repair and/or replace the dwelling. *Zaitchick v. American Motorists Ins. Co.,* 554 F.Supp. 209, 217, *affd* 742 F.2d 1441, *cert denied* 464 U.S. 851, 104 S.Ct. 162, 78 L.Ed.2d 148.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the Court to Grant her [424] Motion For Leave To File Sur-Rebuttal To Defendant's [420] Reply in Support of Second Supplemental Motion for Summary Judgment filed by Nationwide Mutual Fire Insurance Company.

    Respectfully submitted,
    HELEN J. POLITZ
    BY: DENHAM LAW FIRM


    BY: ___*s/Kristopher W. Carter*___
        KRISTOPHER W. CARTER
        MS Bar No. 101963

## CERTIFICATE

I, KRISTOPHER W. CARTER, do hereby certify that I electronically filed the above and foregoing document with the Clerk of the Court utilizing the ECF system, which provides notification of said filing to the following:

Laura Limerick Gibbes, Esquire
Laura Louise Hill, Esquire
Watkins, Ludlam, Winter & Stennis, P.A.
Post Office Drawer 160
Gulfport, MS 39502-0160

Elizabeth Locke, Esquire
Daniel F. Attridge, P.C.
Thomas A. Clare, P.C.
Christian D.H. Schultz
Robert B. Gilmore, Esquire
Sean M. McEldowney, Esquire
Kirkland & Ellis LLP

655 15th Street, N.W., Suite 1200
Washington, DC 20005

Crockett Lindsey
U.S. Attorney's Office
1575 20th Ave.
Gulfport, MS 39501

    SO CERTIFIED on this the 22nd day of September, 2009.


    _s/Kristopher W. Carter_
    KRISTOPHER W. CARTER


KRISTOPHER W. CARTER, MS Bar No. 101963
DENHAM LAW FIRM
424 Washington Avenue (39564)
Post Office Drawer 580
Ocean Springs, MS 39566-0580
228.875.1234 Telephone
228.875.4553 Facsimile