IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HELEN POLITZ**                                                                                             **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 1:08cv18-LTS-RHW**

**NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY,** *et al.*                                                            **DEFENDANTS**

<u>**ORDER**</u>

Before the Court are [406] and [407], discovery motions filed August 3, 2009 by Plaintiff, seeking orders compelling Nationwide to "properly respond" to requests for admission, interrogatories and requests for production propounded by Plaintiff, and compelling Nationwide to produce documents withheld under claim of privilege, respectively. For the following reasons, the Court finds both motions should be denied.

By Minute Entry entered May 18, 2009 concerning pretrial proceedings held by the District Judge on that date, the Court reopened discovery for both parties "for 60 days, followed by 15 days in which to file any further motions to the Court," and continued the June 22, 2009 jury trial. The discovery at issue in motion [406] was propounded by Plaintiff on June 17, 2009, a full month after the Court reopened discovery. Under the Rules, Defendant's responses to the discovery were not due until July 17, 2009, the day the re-opened discovery period ended. On June 18, 2009, Plaintiff moved the Court to expedite to require Nationwide to serve responses to the discovery by July 2, 2009 [368]. In the motion, Plaintiff offered no explanation for why the discovery was not served earlier, acknowledged that responses were not due until the day discovery closed, and implicitly acknowledged the requirement that any objections to the

responses would be due prior to the close of discovery.[1] Nationwide served discovery responses on July 6, 2009 [377, 378, and 379], and by text order entered July 7, 2009, the Court mooted the motion to expedite. Plaintiff inexplicably waited another month, two and a half weeks after discovery closed to file the instant motions to compel. Had Plaintiff promptly served her discovery following the re-opening of discovery, she would have had almost thirty days within which to file her objections to the responses received before discovery expired. Because Nationwide filed its responses before they were due, Plaintiff actually had eleven days to prepare and file objections to the responses prior to the expiration of discovery. She filed nothing, and requested no additional time to do so.

In motion [407], Plaintiff complains about Nationwide's redaction of certain documents produced and its withholding of other documents under claim of privilege, arguing that Nationwide failed to adequately describe the redacted or unproduced documents, and urging the Court to compel Nationwide to produce all the documents, without redaction. Plaintiff presents as an exhibit a copy of Nationwide's privilege log, which indicates it was prepared July 7, 2009.[2] In fact, every item about which Plaintiff complains in motion [407] was included on a privilege log provided by Defendant over a year ago, on August 8, 2008 [416-2, pp. 1-2].

Local Rule 7.2(B)(2) requires that, "Discovery motions must be filed sufficiently **in advance of the discovery deadline** so as to not affect the deadline." (emphasis added) This Court is of the opinion that both these motions to compel should be denied due to Plaintiff's conduct and the untimely filing of the motions. It is therefore,

---

[1] Plaintiff sought expedited responses, "in order for Plaintiff to have time to review the discovery responses and any documents produced, to schedule and conduct additional depositions **and to raise any discovery-related objections if any are present within the discovery period.**" [368, p. 2, ¶ III] (emphasis added)

[2] Nationwide states the July 2009 was a supplementation of the August 2008 privilege log, and that the former included two new entries, neither of which is challenged in the present motion.

**ORDERED** that Plaintiff's motions to compel, [406] and [407], are denied, this the 30th day of September, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE