IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HELEN POLITZ**                                                            **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 1:08cv18-LTS-RHW**

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY,** *et al.*                                          **DEFENDANTS**

## ORDER

      Before the Court are [392] Defendant Nationwide's July 17, 2009 motion to strike Plaintiff's July 8, 2009 supplemental pre-discovery disclosures served on July 8, 2009, and [411] Plaintiff's motion for leave to file a sur-rebuttal to Nationwide's reply regarding motion [392]. For the following reasons, the Court finds both motions should be denied. Nationwide complains of Plaintiff's supplemental disclosures served just nine days prior to expiration of discovery,[1] pointing out that Plaintiff has nine times supplemented her discovery responses and pre-discovery disclosures. In the last supplemental disclosures, Plaintiff revealed an additional five witnesses who have discoverable information regarding the facts/damages in the case. Nationwide urges the Court to strike the July 8, 2009 supplemental disclosures because the documents produced should have been produced long ago, as some of them date back to August 2005, and Plaintiff has provided no reason for failure to produce the documents or identify the witnesses earlier. Alternatively, Nationwide requests leave to depose the newly disclosed witnesses out of time.

      In response to the motion, Plaintiff asserts that as she searched for information to respond to Nationwide's May 22, 2009 discovery, she "located additional documents which <u>may</u> be

---

[1] By Minute Entry of May 18, 2009, the Court re-opened discovery for 60 days (until July 17, 2009).

marginally relevant to this matter, and supplemented her disclosures to provide same to the Defendant. The supplementation identified two individuals and three pharmacies.

Rule 26(e)(1)(A), Fed. R. Civ. P., requires that a party supplement disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to other parties during the discovery process or in writing..." While the Court understands, and to some extent agrees with, Defendant's complaint that information dating back to 2005 could and should have been disclosed earlier, it cannot ignore the fact that Plaintiff did serve the supplementation at issue prior to expiration of the extended period of discovery. The Court also notes that the prejudice Defendant claims is that the timing of Plaintiff's production of the information precluded Defendant's deposing the witnesses identified in the supplementation.

Under these circumstances, the Court will not strike the supplementation, particularly since the claimed prejudice can be obviated by simply allowing out of time depositions. The parties should note that by this order **the Court is not re-opening discovery**; it is merely allowing Nationwide to depose the individuals and pharmacies identified in the supplementation outside the extended discovery deadline which has expired. It is therefore,

**ORDERED** (1) that the motion to strike Plaintiff's July 8, 2009 supplemental disclosures is denied; (2) that Nationwide may depose out of time the individuals/pharmacies identified in the supplemental disclosures served July 8, 2009; and (3) that Plaintiff's motion for leave to file a sur-rebuttal is denied.

SO ORDERED, this the 5th day of October, 2009.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE