## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**HELEN POLITZ**                                                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 1:08cv18-LTS-RHW**

**NATIONWIDE MUTUAL FIRE**
**INSURANCE COMPANY,** *et al.*                                                      **DEFENDANTS**

## <u>ORDER</u>

Before the Court are [376] and [396], motions to quash two subpoenas duces tecum directed to Dr. Mark Webb, a psychologist whose only involvement in this case is that he performed an independent medical examination of Plaintiff pursuant to the Court's order [348] granting Nationwide's motion for independent medical examination of Plaintiff by Dr. Webb. Defendant contends the first subpoena is overly broad and burdensome, and seeks documents irrelevant to the issues in this lawsuit, and that the second subpoena was untimely issued on the day discovery expired.

On June 22, 2009, Plaintiff issued to Dr. Mark Webb a subpoena duces tecum [372][1] requesting some 14 categories of documents, three of which relate to Dr. Webb's examination of Plaintiff and generally comport with the requirements for expert disclosures set out in Rule 26(a)(2)(B).  Requests 10, 11 and 13 requested Dr. Webb's time sheets and documentation showing the hours for which he performed services in this case; documentation and records of payment received for services rendered in this case; and a copy of Dr. Webb's prior testimony list for the last four years.  While no objection is made to these three requests, motion [376] challenges the remaining 11 requests, claiming they place an undue burden on the non-party.

---

[1]The subpoena was served on June 24, 2009, and commanded production by July 6, 2009. [374]

Request 1 seeks "all documents indicating income generated and the number of separate cases involving services" to/for Defendant Nationwide (including subsidiaries) or Defendant's counsel (including current or past attorneys) in the last 10 years. The Court will modify this request to require Dr. Webb to produce requested documents only as to income he has received from Nationwide during the past three years.

Request 2 requests "copies of all complaints filed in any court" against Dr. Webb alleging medical negligence, malpractice or violation of the standard of care in the last 10 years. Defendant urges that this information is irrelevant to Plaintiff's homeowner's claim, and points out that complaints filed in the courts are public records available to Plaintiff, and that Dr. Webb should be required to do no more than provide a list of responsive case names. Plaintiff has agreed to withdraw the request for copies. The Court will modify this request to require only that Dr. Webb provide the case name(s) and jurisdiction in which any such case was filed in the last three years.

Request 3 requests copies of all 1099's, profit and loss statements, internal memoranda or financial documents which indicate income received by Dr. Webb or anyone at his clinic over the last 10 years for (a) independent or employer medical examinations or medical record reviews done at the behest of employers or workers' compensation carriers or attorneys for such entities (including identification and addresses of all attorneys and information as to whether the attorney(s) represented plaintiff/claimant), in claims for work-related injuries; (b) independent medical examinations or medical record reviews performed for any insurance company or lawyer representing an insurance company; and (c) any other payments from liability insurance companies for any consultation work, excepting auto med payment and health insurance companies for payment of medical bills. The Court finds this request overly broad and

burdensome, essentially irrelevant to the matters at issue in this lawsuit, and it seeks information

as to persons other than Dr. Webb.  Plaintiff's claim has nothing to do with work-related injuries,

the time frame is unreasonable, and the income received by anyone at the clinic from performing

IMEs, medical record reviews or consultation work for any insurance company or lawyer

representing same is not reasonably calculated to lead to discovery of admissible evidence.[2]  The

same is true of Requests  4 and 5, which request, respectively, all documents, receipts for

payment, honorariums (*sic*) or reimbursement for travel expenses for any program/conference

sponsored by any liability, homeowners or workers' compensation insurance company/group,

where Dr. Webb has spoken since January 2000 on issues involving civil justice, IMEs or EMEs,

physical impairment/restrictions and/or rehabilitation of injured patients, and all written materials

submitted to any CLE, CME or other "educational" program addressing functional capacity

exams, permanent impairments and/or occupational restrictions.  With respect to requests 3, 4

and 5, and in accordance with Fed. R. Civ. P. 26(a)(2)(B), the Court will require Dr. Webb to

provide only a list of publications he has authored in the last ten years.

Request  6 requests a list of all referrals from plaintiffs' or claimants' counsel to Dr.

Webb or his clinic for treatment or examinations since January 2000, identifying the counsel.

Request 7, which is unlimited in time, requests a list of all referrals to Dr. Webb or his office for

treatment/examination from any liability, uninsured motorist or workers' compensation insurance

carrier or any lawyer representing an insurance company.  Request  8 requests "any and all

printouts, reports, cancelled checks, drafts or other documents" relating to any payment of

compensation for Dr. Webb or his clinic to review medical records, render opinions and/or testify

---

[2] The Court has, in its ruling as to Request  1, already ruled that Dr. Webb must provide documents as to income he has received from Nationwide during the past three years.

as an expert witness at any court proceeding in the last 10 years.  The Court finds Requests 6, 7

and 8 seek irrelevant information, are overly broad in scope, unreasonable as to time, cumulative

to some extent,[3] and not calculated to lead to discovery of admissible evidence, and will not

require response to these requests.

Request  9 requests any contracts or retainer agreements to provide services or

consultation for any liability, homeowners or workers' compensation insurance company since

January 2000.  The Court will modify this request to require Dr. Webb to produce only any such

contracts or retainer agreements he may have had **with Defendant** for the past three years.

Request  12 seeks copies of any learned treatise, medical article, textbook, journal or

other authoritative source referenced in any report given in this case, or upon which Dr. Webb

relied or may rely in offering opinions in this case, including copies of title page, table contents

and all relevant sections of any such document.  The Court will modify this request to require

only that Dr. Webb produce a citation list (including sections or pages, if applicable) of learned

treatises, medical articles, textbooks, journals or other authoritative sources referenced in his

report or upon which Dr. Webb relies for his opinions in this case.

Request  14 requests copies of any transcripts from any depositions Dr. Webb has ever

given as an expert, party or other witness.  The Court finds this request overly broad and

burdensome on its face, and will not require Dr. Webb to provide Plaintiff deposition transcripts.

Plaintiff's second subpoena to Dr. Webb [393], issued July 17, 2009 (the day discovery

ended), called for production of an additional eight Requests for documents by July 31, 2009.

This subpoena was served on Dr. Webb July 21, 2009.  [397]  Subpoenas issued for discovery

---

[3]Plaintiff will be provided a list of Dr. Webb's prior testimony list for the last four years under unchallenged Request  13.

purposes are subject to the discovery limitations of *Fed. R. Civ. P.* 26(b), and discovery must be

completed within the discovery period. *Butcher v. Allstate Insurance Company*, 2008 WL

4965288, (S.D. Miss. 2008); Rule 26.1(B)(2), *Uniform Local Rules for the United States District*

*Courts for the Northern District of Mississippi and the Southern District of Mississippi*

("discovery requests that seek responses ... that would ... be answerable after the discovery cut-

off are not enforceable except by order of the court for good cause shown").  A party may

challenge a subpoena issued to a non-party outside the discovery period, but such a motion will

be treated as one for protective order to compel adherence to the discovery deadline. *Williams v.*

*Weems Community Mental Health Center*, 2006 WL 905955 (S.D. Miss. 2006).  In light of this

authority, and the absence of any explanation as to why Plaintiff did not include in her first

subpoena to Dr. Webb the requests made in her second subpoena,[4] the Court finds the second

subpoena was untimely issued and is unenforceable.  It is therefore,

     **ORDERED**, that [376] the first motion to quash subpoena duces tecum is granted in part

and denied in part as set forth above.  It is further,

     **ORDERED**, that [396] the second motion subpoena duces tecum is construed as a

motion for protective order, and granted as such since the subpoena was untimely issued.

     SO ORDERED, this the 9th day of October, 2009.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[4]Since Plaintiff states she issued the second subpoena before she received Dr. Webb's report, it could not have been based upon the contents of the report. [401, p. 1, ¶ I]