UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN POLITZ, DECEASED, AND HELEN POLITZ                    PLAINTIFFS

V.                                               CIVIL ACTION NO. 1:08cv18-LTS-RHW

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,                  DEFENDANTS
U.S. SMALL BUSINESS ADMINISTRATION, AND
JOHN DOES 1 THROUGH 9

### ORDER

On May 18, 2009, the Court disposed of most of the motions *in limine* pending in this cause of action. The trial was then postponed. Formal rulings were not made on the following motions: Plaintiff's [273] Motion to Exclude Testimony by Defendant's Adjusters or Claim Representatives as to Causation or Valuation of Property; Plaintiff's [275] Motion to Exclude Testimony or Evidence by the Flood Adjusters and to Exclude the Flood Claim File in the Faulk Claim; Defendant's [287] Motion to Preclude Plaintiff's Testimony, Argument, Evidence, and Opinion Regarding Alleged Emotional Distress; Defendant's [288] Motion to Exclude Evidence, Testimony, or Argument Regarding Alleged Third-Party Witnesses; and Defendant's [289] Motion to Exclude Evidence, Testimony, or Argument that Pre-Contractual Conversations Expand Plaintiff's Policy Coverage. Defendant has also filed a [346] Motion to Clarify a part of one of the Court's [340] orders.

The instant order will address all of the above motions, with the exception of the one [287] dealing with Plaintiff's claim for emotional distress damages. This hotly-contested issue is the subject of other motions and will be considered separately.

Plaintiff's [273] motion *in limine* attempts to disqualify Defendant's adjusters and claim representatives from testifying as to the cause and the valuation of the losses incurred by Plaintiff. Plaintiff contends that these witnesses should be treated as experts who have not been designated.

To the extent of their first-hand knowledge and to explain the actions they took, Defendant's adjusters and claim representatives will be allowed to testify. They may explain the facts they relied upon in reaching their decisions, including their opinions on causation and the evaluation (including the amount) of the claim. These individuals were not employed for the purpose of giving expert testimony. Plaintiff's [273] motion is not well taken and will be denied.

This Court already granted [340] Defendant's [279] motion *in limine* to exclude evidence of other claims against Defendant except for insured properties near the Plaintiff's residence and insured by Defendant. Therefore, Plaintiff's [275] motion *in limine* aimed at excluding any

evidence contained in a flood claim file of one of her neighbors, as well as testimony from the flood adjusters (other than factual information concerning the immediate vicinity of Plaintiff's property) involved in that claim, will be granted. This ruling also extends to the same neighbor's claim submitted to the Mississippi Windstorm Underwriting Association. Plaintiff did not maintain flood insurance on her residence, and this fact is not relevant to the resolution of this case.

Defendant's [288] motion *in limine* deals with the observations by several third party witnesses, three of whom were located on the same street in Pass Christian, Mississippi, during Hurricane Katrina and approximately six miles from Plaintiff's residence. The fourth witness is the neighbor whose flood file is the subject of Plaintiff's own [275] motion and who was not present at her home throughout the course of the storm.

This testimony will be excluded under Rule 403 of the Federal Rules of Evidence. Even if considered as potentially relevant, "its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, [and] by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Plaintiff does not intend to offer testimony as to any pre-contractual conversations to expand her policy coverage. Plaintiff will not be allowed to challenge the validity of the water exclusion, and this Court will be guided by the Mississippi Supreme Court's decision in *Corban v. United Services Automobile Association*, 20 So. 3d 601 (Miss. 2009), with respect to other relevant provisions in the subject insurance policy. The extent of the policy's coverage has been established by *Corban* (adopting this Court's rulings in *Dickinson v. Nationwide Mutual Fire Insurance Co.*, No. 1:06cv198 (2008 WL 1913957 and 2008 WL 941783)), and evidence dealing with waiver or estoppel of its provisions to expand coverage will not be allowed. The Court has ruled that Nationwide may not explore why Plaintiff did not purchase or have flood insurance in place at the time of her loss. Defendant's [289] motion *in limine* concerning pre-contractual conversations will be granted.

With respect to Defendant's [346] motion for clarification of part of this Court's earlier [340] order, the Court repeats that it will continue its practice of not prohibiting Plaintiff from developing fact-specific proof of Defendant's own claims adjusting for properties nearby that were exposed to similar storm conditions. This will only be allowed with the proper predicate and where it does not confuse or mislead the jury. However, no evidence–other than that related to physical conditions in the immediate vicinity of Plaintiff's property–may be offered with respect to properties not insured by Defendant. This is consistent with the ruling on motion [275], in which Plaintiff sought exclusion of her neighbor's flood file and claim. Fed. R. Evid. 403. The adjustment of and decision on Plaintiff's insurance claim are the primary focus for the trial of this action. Finally, there is not sufficient cause to grant Plaintiff's [369] Motion for Leave to File Sur-Rebuttal with respect to Defendant's [346] motion for clarification.

Accordingly, **IT IS ORDERED**:

Plaintiff's [273] Motion to Exclude Testimony or Evidence by Defendant's Adjusters as

to Causation or Valuation of Plaintiff's Property is **DENIED**;

Plaintiff's [275] Motion to Exclude Testimony or Evidence by the Flood Adjusters and to Exclude the Flood Claim File in the Faulk Claim is **GRANTED**;

Defendant's [288] Motion to Exclude Evidence, Testimony, or Argument Regarding Alleged Third-Party Witnesses is **GRANTED**;

Defendant's [289] Motion to Exclude Evidence, Testimony, or Argument that Pre-Contractual Conversations Expand Plaintiff's Policy Coverage is **GRANTED**;

Defendant's [346] Motion to Clarify a Portion of the [340] Order on Motions *in limine* is **GRANTED**;

Plaintiff's [369] Motion for Leave to File Sur-Rebuttal relating to Defendant's [346] Motion to Clarify is **DENIED**.

**SO ORDERED** this the 14th day of January, 2010.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE